UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN TICHOT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:13-cv-00304-GZS |
| | ) | |
| CUMBERLAND COUNTY SHERIFF DEPARTMENT, | ) ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER SCREENING**

Plaintiff Tichot filed a complaint in this court on August 8, 2013, naming the Cumberland County Sheriff Department as defendant. (ECF No. 1.) I now recommend that this Court dismiss this complaint because it is frivolous and fails to state a claim. Tichot has filed four prior civil complaints filed within the last three years: Tichot v. U.S. Department of State, 2:10-cv-00135-GZS; Tichot v. FBI, 2:10-cv-00311-GZS; Tichot v. Social Security Administration Commissioner, 2:10-cv-00417-GZS; Tichot v. Maine State Police, 2:12-cv-00013. The current complaint, related to events surrounding a vaccination at the Maine Medical Center in May 2002, sounds remarkably similar, if not identical, to the 2012 complaint against the Maine State Police. In fact Tichot mentions that earlier complaint and says he believed the state police security agency was the one involved, but he may have been mistaken. For some unknown reason he now believes it was the Sheriff of Cumberland County who should be held liable for the "torcher" against him. My recommendation in this case has not changed from my earlier recommendation which stated, "Even if I were to construe some of Tichot's claims as

falling under 42 U.S.C. § 1983, where state government actors are allegedly involved in this "torture," Tichot's naked assertions against a group of John Doe defendants would not pass even the most basic of pleading standards." Rec. Dec. EFC No. 5, 2:12-cv-0013-GZS, affirmed. This court's judgment was affirmed by the First Circuit Court of Appeals on July 9, 2012, No. 12-1337, a copy of that judgment can be found at ECF No. 20 in the prior case. Accordingly I recommend summary dismissal of this complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 9, 2013

/s/Margaret J. Kravchuk
U.S. Magistrate Judge